UNITED STATES DISTRICT COURT     11CIV5340 (JGK)
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X     NOTICE OF MOTION

CHARLES JONES,
                      Plaintiff,

-vs-

ZAK MIRAJAVADI d/b/a
DOLPHIN SERVICES, LLC.,
                      Defendants.
----------------------------------------X

TO: Rubin, Fiorella & Friedman, LLP,
      Attorneys for defendants Mirajavadi and Dolphin Services

     Please take notice, the plaintiff CHARLES JONES, will move the Court on Tuesday, August 16th, 2011, at 10 a.m, or as soon thereafter as plaintiff may be heard, in Courtroom 12B, at the courthouse located at 500 Pearl Street, before the Hon. John G. Koeltl, a Judge of the U.S. District Court, for summary remand of the above-captioned action to the Civil Court of the City of New York on the basis of improper removal and lack of federal subject matter jurisdiction in that 1) under the circumstances of the instant action this is not an admiralty or maritime case, 2) that the defendants did not effect removal within 30 days of receipt of the underlying complaint and 3) that nonetheless, the plaintiff herein has the exclusive right to any admiralty or maritime designation pursuant to federal Rule 9 (H) to invoke the Court's jurisdiction in such matters, not the defendants herein, together with such other and further relief the Court deems just and proper.

Dated: August 8th, 2011

_____
Charles Jones, Plaintiff Pro Se
150 West 51st Street, Ste. 802
New York, N.Y. 10019
(212) 969-9500

By Rubin, Fiorella + Friedman LLP
By Lucrezia Krida @ 8/9/11 10:30am

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC# _____ DATE FILED: 8/9/11]
[PRO SE OFFICE stamp]

UNITED STATES DISTRICT COURT    11CIV5340 (JGK)
SOUTHERN DISTRICT OF NEW YORK
_____X

CHARLES JONES,                          <u>AFFIDAVIT OF PLAINTIFF</u>
                                        <u>CHARLES JONES IN SUPPORT</u>
           Plaintiff,               <u>OF MOTION FOR SUMMARY</u>
                                        <u>REMAND</u>

-vs-

ZAK MIRAJAVADI d/b/a
DOLPHIN SERVICES, LLC.,
           Defendants.
_____X

Plaintiff Charles Jones, under penalty of perjury, certifies as follows:

1. This is a breach of contract action involving repairs and painting allegedly performed by the defendant Zak Mirajavadi d/b/a Dolphin Services, LLC., to plaintiff's boat in Stamford, Ct.

2. Plaintiff resides at 150 West 51st Street, New York, N.Y.,

3. The defendant Dolphin Services, LLC., has its principal place of business in the State of New York at 500 Rushmore Avenue, Mamaroneck, New York.

4. All initial communications by the plaintiff with the defendants of, about and concerning the agreement to paint and repair plaintiff's boat were conducted in the State of New York..

5. An initial inspection of the boat by the defendants was made by the defendant Zak Mirajavadi in or about March, 2011, at the Brewer's Yacht Haven in Stamford, Ct., prior to work beginning in or about May of 2011.

6. The defendant Zak Mirajavadi allegedly resides at 1078 Riverbank Road, Stamford, Ct., but does business as Dolphin Services from an office in Mamaroneck in the State of New York, where he was served; which also has a local bank account at Chase in Mamaroneck as well, where defendant deposited plaintiff's checks presented in payment for services purportedly rendered.

7. The plaintiff Charles Jones is prosecuting this action on the basis that the work promised to be performed was in fact not performed pursuant to the agreement made by and between the plaintiff and the defendants.

8. The defendant Dolphin Services, LLC, is an LLC authorized to conduct business in the State of New York as a foreign corporation and is registered with the Secretary of State.

9. The plaintiff paid Dolphin Services for all services purportedly rendered in full and is not invoking the jurisdiction of this federal court to resolve any admiralty or maritime claim.

10. Under the instant circumstances, the plaintiff has the exclusive right to invoke the court's jurisdiction pursuant to Rule 9 (h) with respect to an admiralty or maritime claim involving this litigation and chooses not to do so for the reasons stated herein, which includes preventing any attempt to abrogate

plaintiff's right to a jury trial.(See, <u>Lewis vs. United States</u>, 816 F. Supplement 1097 (E.D. Virginia 1993)[in appropriate cases, choice of invoking Rule 9 (h) rests with plaintiff—who thereby may alter certain features of litigation, including availability of jury trial].

11. The defendant Dolphin Services has also deliberately misrepresented to this court that its business operations are conducted from defendant Mirajavadi's home in Stamford, Ct. Unfortunately, the facts do not support this attempt to mislead the Court on this issue.

12. Defendants' employees were dispatched from the defendants' offices in Mamaroneck, New York, and significantly, said employees carried a check payment to the defendants back to 500 Rushmore Avenue, Mamaroneck, which is an address listed on defendant Dolphin Services' letterhead.

13. There can also be no claim that diversity of citizenship exists and may not alternately be asserted for the foregoing reason and additionally for the reason that the monetary claims for approximately $16,000 are for a sum far less than the $50,000 required for jurisdiction of this Court.

14. Finally, the removal of this litigation from the Civil Court of the City of New York was improper for the reason the defendants also failed to cause removal within 30 days from receipt of the plaintiff's complaint, which defendants admit occurred on June 29th, 2011.Defendants' attorneys did not file appropriate removal papers until July 29th, 2011, amounting to 31 days that accrued dating from receipt of the complaint. The defendants neglected to include the date of receipt in their tabulations.

15. Therefore and for the foregoing reasons, the plaintiff requests the Court enter a summary remand order directing this litigation be restored to the calendar of the Civil Court of the City of New York on the basis of improper removal and lack of federal subject matter jurisdiction in that 1) under the circumstances of the instant action, this is not an admiralty or maritime case, it's a simple tort for breach of contract, 2) that the defendants did not effect removal within 30 days on receipt of the underlying complaint and 3) that nonetheless, the plaintiff herein has the exclusive right to any admiralty or maritime designation pursuant to federal Rule 9 (H) to invoke the Court's jurisdiction in such matters, not the defendants herein, which did not occur and additionally, plaintiff demands a jury trial that is not available if prosecuted as a maritime claim, together with such other and further relief the Court deems just and proper, including costs..

16. Significantly and another reason why summary remand should be granted, the plaintiff must also affirmatively invoke federal jurisdiction as an Admiralty and Maritime claim in the pleadings and has chosen not to do so. (See, <u>Fedorczyk vs. Caribbean Cruise Lines</u>, 82 F. 3d 69 (3rd Circuit 1996))

Dated: August 8th, 2011

_____
Charles Jones, Plaintiff Pro Se
150 West 51st Street, Ste. 802
New York, N.Y. 10019

STATE OF NEW YORK:COUNTY OF NEW YORK

Subscribed and Sworn to before me this 9th day of August, 2011

_____
NOTARY

GAMZE ZIVALI
Notary Public - State of New York
NO. 01ZI6243833
Qualified in Kings County
My Commission Expires 06/20/2015

SHERIFF'S CERTIFICATE OF SERVICE (C.P.L.R. 306)

NEW YORK COUNTY CIVIL COURT
STATE OF NEW YORK
COUNTY OF NEW YORK
11/NY

INDEX: CV-026512-

**CHARLES JONES**  Plaintiff/Petitioner

-against-

**ZAK MIRJAVADI**  Defendant/Respondent

I, George N. Longworth, Commissioner-Sheriff of the County of Westchester, State of New York do hereby certify that on 7/19/2011 at 11:45 AM service was effected of the annexed SUMMONS AND VERIFIED COMPLAINT in the above entitled action or proceeding by my undersigned Police Officer ANDRES ALVAREZ, upon ZAK MIRJAVADI the person named therein as defendant in said action or proceeding at DOLPHIN SERVICES LLC 500 RUSHMORE AVENUE MAMARONECK, NY 10543

Defendant Description:

Approximate Age: 50/55                Sex: MALE
Approximate Weight: 170               Height: 5' 8"
Color of Skin: WHITE                  Hair: BROWN

Date: 7/19/2011

Police Officer ANDRES ALVAREZ
Sheriff File: 11004407

George N. Longworth
Commissioner-Sheriff
Westchester County

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | 11CIV5340 (JGK) |

————————————————X   CHARLES JONES,
         Plaintiff,

-vs-

ZAK MIRAJAVADI d/b/a
DOLPHIN SERVICES, LLC.,
         Defendants.
————————————————X

## AFFIDAVIT OF SERVICE

Charles Jones declares under penalty of perjury that the within Notice of Motion and Affidavit in support thereof for relief remanding the instant action back to the Civil Court of the City of New York was served on March 9th, 2011, upon the defendants' attorney RUBIN, FIORELLA&FRIENDMAN, at 292 Madison Avenue, N.Y. at 10:30 a.m. by leaving a copy thereof with said law office.

_____
CHARLES JONES
8/9/2011